By the Court, Cowen, J.
The notes were given while the provision of the revised statutes was in force, declaring usurious notes, &c. void, but that this should not extend to an endorsee in good faith, for valuable consideration, and without actual notice that the note had been originally given for a usurious consideration. (1 R. S. 760,1, § 5.) They, however, had. their inception by the act of discount; and the case was, therefore, as if they had been directly payable to the plaintiff, on'his advance of an usurious loan. The statute does not protect a man who participates in the original concoction of usurious paper; a man who is himself the prominent actor in the usurious transaction. The two cases of Sauerwein v. Brunner, (1 Har. & Gill, 477,) and Cockey v. Forrest, (3 Gill & John. 483,) settle the *11 question. The New-York cases were there considered and applied, on a course of legislation exactly like ours, the latter case being the same as the one at bar.(a)
To say that usury must be proved beyond reasonable doubt, is substantially the same as saying that the proof must be such as to satisfy the jury of the fact. The latter was the charge, though the former was denied. To deny one proposition, and affirm another which is identical with it, forms no ground for granting a* new trial, provided the latter be correct. It is in effect a revocation of the error committed in regard to the first. The jury being sworn to exercise their judgment on the evidence, were called to act upon it as reasonable men; and if, as such, they were satisfied of the usury, no reasonable doubt could be said to remain on their minds. It is absurd to say that a rational man is satisfied of a fact, when he sees a reason to doubt its existence. The proposition involves two distinct and opposite positions of the mind—reasonable conviction and reasonable distrust—and the judge cannot be understood as having left it to the jury, that though they entertained the latter, they were, notwithstanding, to find usury.
New trial denied.

 See Whitworth v. Yancey, (5 Rand. Rep. 333;) Taylor v. Bruce, (Gilmer's Rep. 42.)